IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PATRICK McLAUGHLIN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 08-cv-246-JPG |
| LT. TAPHORN, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate at the Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary relief for alleged retaliation against him for exercising his First Amendment rights and denial of due process of law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Upon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may dismissed at this point in the litigation.

**THE COMPLAINT**

Briefly, Plaintiff alleges that he was issued a false conduct violation after filing a grievance concerning the actions of a corrections officer.  Plaintiff was found guilty of the conduct violation and received the following sanctions: (1) 60-days segregation; (2) 60-days C-grade; (3) reclassification; and (4) solitary confinement.  Plaintiff claims that the conduct violation was issued in retaliation for exercising his First Amendment rights.  Plaintiff also claims that he was denied due process of law in connection with the conduct violation.

**DISCUSSION**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement.  *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988).  However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident.  *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006).  *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993).  In the complaint, Plaintiff alleges that he filed a grievance against Lt. Taphorn because he believed that Taphorn had used derogatory language towards him and that Taphorn had reneged on his statement to have Plaintiff released from segregation at the Centralia Correctional Center.  As such, Plaintiff's

grievance was a "personal gripe" with Taphorn over a particular incident and not related to matters of public concern. Therefore, Plaintiff's allegations fail to state a retaliation claim upon which relief may be granted.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, Plaintiff was sent to disciplinary segregation for 60-days. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while

3

in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Plaintiff's due process claim is without merit.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, Plaintiff's complaint is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: July 17, 2008.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**