**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PATRICK McLAUGHLIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 08-cv-246-JPG** |
| | ) | |
| **LT. TAPHORN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 7). In this motion, Plaintiff seeks to have the Court re-instate his civil action, which the Court dismissed pursuant to 28 U.S.C. § 1915A.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). If a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on July 17, 2008, but the instant motion was not filed until August 11, 2008, after the 10-day period expired. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff alleges that the grievances underlying his retaliation claim concerned matters of public concern, not "private gripes." After careful review, the Court disagrees with Plaintiff's characterization of his grievances as pleaded in the complaint. Furthermore, Plaintiff's argument does not suggest a clerical mistake; instead, his arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

Finally, the Court notes that Plaintiff has pointed out an inconsistency in the Court's prior Memorandum and Order (Doc. 5). Specifically, the Memorandum and Order states - on page 2, the first full sentence - that "[u]pon careful review of the complaint and the supporting exhibits, the Court finds that no claim in the original complaint may be dismissed at this point of the litigation."

The remainder of the Memorandum and Order, however, goes on to analyze Plaintiff's claims and concludes that they should be dismissed pursuant to 28 U.S.C. § 1915A. The language quoted above was erroneously included in the Memorandum and Order and is a typographic and proof-reading error. Therefore, the Court's Memorandum and Order (Doc. 5) is amended ***nunc pro tunc*** to delete the above-quoted sentence.

**IT IS SO ORDERED**.

**Dated: February 9, 2009.**

        **s/ J. Phil Gilbert**
        **U. S. District Judge**